Becker, J.,
with whom Douglas, J., agrees, concurring in part and dissenting in part:
I concur with my colleagues’ determination that appellant Michael Rippo’s claims of ineffective assistance of counsel are without merit. I dissent in regard to the application of this court’s holding in McConnell v. State.[1] As explained in my concurring and dissenting opinion in Bejarano v. State,[2] that holding should not be applied retroactively except in one limited instance not pertinent here.' But even if it is applied here, I concur with the lead opinion in concluding that the erroneous instruction on mitigating circumstances was harmless and in upholding the death sentence.
The three felony aggravating circumstances found in this case would be invalid if McConnell applied. Nevertheless, three valid aggravators would remain: Rippo committed the murder while under a sentence of imprisonment, he was previously convicted of a felony involving the use or threat of violence, and the murder involved torture. These circumstances were the preponderant part of the case in aggravation, while the mitigating evidence was not substantial. I conclude beyond a reasonable doubt that, even absent the invalid aggravators and incorrect instruction, the jury would have found Rippo death eligible and returned a death sentence.
I therefore concur in affirming the district court’s order denying post-conviction habeas relief.

 120 Nev. 1043, 102 P.3d 606 (2004).

 122 Nev. 1066, 1084-86, 146 P.3d 265, 277-79 (2006) (Becker, J., concurring and dissenting).